IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Elizabeth Schaf and Thomas Scarber, individually and as a representative of a class of similarly situated persons, and on behalf of the Seventh Amended and Restated Owens-Illinois, Inc. Long-Term Savings Plan and Eighth Amended and Restated Owens-Illinois, Inc. Stock Purchase and Savings Program, | Case No. 3:22 CV 1240<br><br>ORDER GRANTING PRELIMINARY APPROVAL OF <u>CLASS ACTION SETTLEMENT (DOC. 49)</u><br><br>JUDGE JACK ZOUHARY |
| Plaintiffs, | |
| -vs- | |
| O-I Glass, Inc. and Owens-Illinois Employee Benefits Committee, | |
| Defendants. | |

This litigation arose out of claims of alleged breaches of fiduciary duties in violation of the Employee Retirement Income Security Act of 1974 ("ERISA") against Defendants O-I Glass, Inc. and the Owens-Illinois Employee Benefits Committee in connection with the management of the Seventh Amended and Restated Owens-Illinois, Inc. Long-Term Savings Plan and Eighth Amended and Restated Owens-Illinois, Inc. Stock Purchase and Savings Program (the "Plans").

Presented to this Court for preliminary approval is a settlement of the litigation as against all Defendants. The terms of the Settlement are set out in a Settlement Agreement dated February 23, 2024, executed on behalf of the Parties by Class Counsel and Defense Counsel. Except as otherwise defined herein, all capitalized terms used herein shall have the same meaning as ascribed to them in the Settlement Agreement.

Upon reviewing the Settlement Agreement and the papers submitted in connection with the Motion for Preliminary Approval, and good cause appearing therefore, this Court hereby finds as follows.

1. **Preliminary Finding Regarding Proposed Settlement**: Settlement resulted from arm's-length negotiations by experienced and competent counsel, overseen by an experienced and neutral mediator. Settlement was negotiated only after Class Counsel received pertinent information from Defendants. Class Counsel and Class Representatives submitted declarations in support of the Settlement. Considering the relevant Sixth Circuit factors, the Settlement is sufficiently fair, reasonable, and adequate to warrant sending notice of the Settlement to the Settlement Class.

2. **Fairness Hearing**: A Hearing will be held on **Thursday, August 15, 2024 at 2 PM**, at the United States District Court for the Northern District of Ohio -- Ashley Courthouse 1716 Spielbusch Ave., Toledo, Ohio, to determine, among other issues, whether: this Court should approve the Settlement as fair, reasonable, and adequate; this Court should enter the Final Approval Order; and this Court should approve attorney fees and costs for class counsel; Compensation for Class Representatives; a reserve; and Administrative Expenses.

3. **Class Certification**: The following Settlement Class is preliminarily certified for settlement purposes pursuant to Federal Civil Rule 23(b)(1):

> All participants and beneficiaries of the Plans at any time during the Class Period (from July 22, 2016 through the date of the Preliminary Approval Order), including any Beneficiary of a deceased person who was a Participant in the Plans at any time during the Class Period, to include any Alternate Payees, in the case of a person subject to a Qualified Domestic Relations Order who was a Participant in the Plans at any time during the Class Period. Excluded from the Settlement Class are any individuals who had fiduciary responsibility for the Plans' investment or administrative functions during the Class Period.

This Court appoints Thomas Scarber and Elizabeth Schaf as Class Representatives for the Settlement Class. Further, this Court appoints Nichols Kaster, PLLP as counsel for the Settlement Class.

4. **Settlement Administrator**: This Court approves and orders that Atticus Administration LLC shall serve as the Settlement Administrator and be responsible for carrying out the responsibilities set forth in the Settlement Agreement. The Settlement Administrator shall be bound by the Protective

2

Order and any further non-disclosure or security protocol required by the Settling Parties; shall use the data provided by Defendants and the Plan's recordkeeper(s) solely for the purpose of meeting its obligations as Settlement Administrator, and for no other purpose; and at the request of the Settling Parties, the Settlement Administrator shall provide a written protocol concerning how the Settlement Administrator will maintain and store information provided to it in order to ensure that reasonable and necessary precautions are taken to safeguard the privacy and security of such information.

5. **Settlement Notice**: The Parties have presented to this Court the Settlement Notices, attached as Exhibits 3 and 4 to the Settlement Agreement, which is the proposed form of notice regarding the Settlement for distribution to Class Members. This Court approves the text of the Settlement Notices which fairly and adequately: describe the terms and effect of this Settlement Agreement and of the Settlement, including the proposed Plan of Allocation; advises the Settlement Class that Class Counsel will seek an award of Attorney Fees and Costs from the Settlement Fund, as well as compensation for the Class Representatives; provide sufficient notice to all members of the Settlement Class of the time and place of the Fairness Hearing; and describe the rights of all Class Members, including that the recipients of the Settlement Notice may object to approval of the Settlement along with the appropriate procedure and timing by which to do so.

6. This Court also approves the proposed manner of distributing the Settlement Notice to Class Members is the best notice practicable under the circumstances, provides due and sufficient notice of the Fairness Hearing and of the rights of all Class Members, and complies fully with the requirements of Federal Civil Rule 23, the Constitution of the United States, and fully complies with the requirements of due process.

7. Notice of changes to the Settlement Agreement, future orders regarding the Settlement, modifications to the Settlement Notice, changes in the date or timing of the Fairness Hearing, or other

modifications to the Settlement, including the Plan of Allocation, may be provided to the Settlement Class through the Settlement Website without requiring additional mailed or electronic notice.

8.  Following the entry of this Order, the Settlement Administrator shall send by electronic means, or by first-class mail, the Settlement Notice to each Class Member identified by the Settlement Administrator, and the Former Participant Claim Form to each Former Participant identified by the Settlement Administrator, based upon the data provided by the Plans' recordkeepers.

9.  On or before the date that Settlement Notice is sent to the Settlement Class, the Settlement Administrator shall establish a Settlement Website and telephone support line as provided by the Settlement Agreement. The Settlement Administrator shall post a copy of the Settlement Notices on the Settlement Website.

10.  **Establishment of Qualified Settlement Fund**: A common fund is agreed to by the Parties in the Settlement Agreement which shall be known as the "Settlement Fund." The Settlement Fund shall be a "qualified settlement fund" within the meaning of Treasury Regulations § 1.468B-1(a) promulgated under Section 468B of the Internal Revenue Code. The Settlement Fund shall be funded and administered in accordance with the terms of the Settlement Agreement.

11.  Defendants shall have no withholding, reporting or tax reporting responsibilities with regard to the Settlement Fund or its distribution, except as otherwise specifically identified in the Settlement Agreement. Moreover, Defendants shall have no liability, obligation, or responsibility for administration of the Settlement Fund or the disbursement of any monies from the Settlement Fund except for: (1) their obligation to cause the Gross Settlement Amount to be paid; and (2) their agreement to cooperate in facilitating the provision of information that is necessary for Settlement administration as set forth in the. Settlement Agreement.

12. The Settlement Administrator may make disbursements out of the Settlement Fund only in accordance with this Preliminary Approval Order or any additional orders issued by this Court. The Settlement Fund shall expire after the Settlement Administrator distributes all the assets of the Settlement Fund in accordance with the Settlement Agreement; provided, however, that the Settlement Fund shall not terminate until its liability for any and all government fees, fines, taxes, charges, and excises of any kind, including income taxes, and any interest, penalties, or additions to such amounts are, in the Settlement Administrator's sole discretion, finally determined and all such amounts have been paid by the Settlement Fund.

13. This Court and the Settlement Administrator recognize that there will be tax payments and withholding and reporting requirements in connection with the administration of the Settlement Fund. The Settlement Administrator shall, in accordance with the Settlement Agreement, determine, withhold, and pay over to the appropriate taxing authorities any taxes due with respect to any distribution from the Settlement Fund and shall make and file with the appropriate taxing authorities any reports or returns due with respect to any distributions from the Settlement Fund. The Settlement Administrator also shall determine and pay any income taxes owing with respect to the income earned by the Settlement Fund. Additionally, the Settlement Administrator shall file returns and reports with the appropriate taxing authorities with respect to the payment and withholding of taxes. The Settlement Administrator, in its discretion, may request expedited review and decision by the IRS or the applicable state or local taxing authorities with regard to the correctness of the returns filed for the Settlement Fund and shall establish reserves to assure the availability of sufficient funds to meet the obligations of the Settlement Fund itself and the Settlement Administrator as a fiduciary of the Settlement Fund. Reserves may be established for taxes on the Settlement Fund or income on distributions.

14. The Settlement Administrator shall have all the necessary powers, and take all necessary ministerial steps, to effectuate the terms of the Settlement Agreement, including for purposes of investing, allocating, and distributing the Settlement Fund, and in general supervising the administration of the Settlement Agreement in accordance with its terms and this Order. The Settlement Administrator shall keep detailed and accurate accounts of all investments, receipts, disbursements, and other transactions of the Settlement Fund. All accounts, books, and records relating to the Settlement Fund shall be open for reasonable inspection by such persons or entities as this Court orders. Included in the Settlement Administrator's records shall be complete information regarding actions taken with respect to the award of any payments to any person, the nature and status of any payment from the Settlement Fund, and other information which the Settlement Administrator considers relevant to showing that the Settlement Fund is being administered, and awards are being made, in accordance with the purpose of the Settlement Agreement, this Preliminary Approval Order, and any future orders that this Court may issue.

15. **Preliminary Injunction**: Each Class Member and their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, agents, attorneys, predecessors, successors, and assigns are preliminarily enjoined from suing Defendants, the Plans, or the Released Parties in any action or proceeding alleging any of the Released Claims. Pending final determination of whether the Settlement Agreement should be approved, no Class Member may directly, through representatives, or in any other capacity, commence any action or proceeding in any court or tribunal asserting any of the Released Claims against Defendants, the Released Parties, or the Plans.

16. **Objections to Settlement**: Any objections to any aspect of the Settlement Agreement shall be heard, and any papers submitted in support of said objections shall be considered, by this Court at the Fairness Hearing if they have been filed validly with the Clerk of the Court and copies provided

to Class Counsel and Defense Counsel. To be filed validly, the objection and any notice of intent to appear or supporting documents must be filed at least thirty (30) calendar days prior to the scheduled Fairness Hearing. Any person wishing to speak at the Fairness Hearing shall file and serve a notice of intent to appear within the time limitation set forth above.

17. **Responses to Objections**: Any party may file a response to an objection by a Class Member. Any party may, but is not required to, serve discovery requests, including requests for documents and notices of deposition not to exceed two (2) hours in length, on any objector within ten (10) calendar days of receipt of the objection, and that any responses to discovery or depositions must be completed within ten (10) calendar days of the discovery request being served on the objector. Defense Counsel and Class Counsel shall promptly furnish each other with copies of any objections that come into their possession.

18. **Former Participant Claim Form**: Authorized Former Participants must mail their Former Participant Claim Form, attached as Exhibit 1 to the Settlement Agreement, to the Settlement Administrator postmarked no later than twenty-one (21) days prior to the Fairness Hearing.

19. **Continuance of Hearing**: The Fairness Hearing may, without further direct notice to the Class Members, other than by notice to Class Counsel, be adjourned or continued by Court Order.

20. **Termination of Settlement**: If the Settlement is terminated in accordance with the Settlement Agreement, this Order shall become null and void, and shall be without prejudice to the rights of the Settling Parties, all of whom shall be restored to their respective positions existing the day before the Settlement Agreement Execution Date.

21. **Use of Order**: This Order shall not be construed or used as an admission, concession, or declaration by or against Defendants of any fault, wrongdoing, breach, or liability, or a waiver of any claims or defenses. This Order shall not be construed or used as an admission, concession, or declaration

by or against any named plaintiff, Class Representatives, or the Settlement Class that their claims lack merit, or that the relief requested by Plaintiffs is inappropriate, improper, or unavailable. This Order shall not be construed or used as a waiver by any party of any arguments, defenses, or claims they may have.

22. **CAFA Notice**: This Court approves the form of the CAFA Notices attached as Exhibit 6 to the Settlement Agreement and orders that upon mailing of the CAFA notices, Defendants shall have fulfilled its obligations under CAFA the Class Action Fairness Act, 28 U.S.C. §§ 1711, et seq.

IT IS SO ORDERED.

                                            s/ *Jack Zouhary*
                                            JACK ZOUHARY
                                            U. S. DISTRICT JUDGE

March 5, 2024