UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| Elizabeth Schaf and Thomas Scarber, individually and as a representative of a class of similarly situated persons, and on behalf of the Seventh Amended and Restated Owens-Illinois, Inc. Long-Term Savings Plan and Eighth Amended and Restated Owens-Illinois, Inc. Stock Purchase and Savings Program,<br><br>  Plaintiffs,<br><br>v.<br><br>O-I Glass, Inc. and Owens-Illinois Employee Benefits Committee,<br><br>  Defendants. | Case No. 3:22-cv-01240-JZ<br><br>**Order on Plaintiffs' Motion for Final Approval of Class Action Settlement** |

  This litigation arose out of claims of alleged breaches of fiduciary duties in violation of the Employee Retirement Income Security Act of 1974 ("ERISA") against Defendants O-I Glass, Inc. and the Owens-Illinois Employee Benefits Committee in connection with the management of the Seventh Amended and Restated Owens-Illinois, Inc. Long-Term Savings Plan and Eighth Amended and Restated Owens-Illinois, Inc. Stock Purchase and Savings Program (the "Plans").

  Presented to the Court for final approval is a settlement of the litigation against all Defendants. The terms of the Settlement are set out in a Settlement Agreement dated February 23, 2024 (*ECF No. 49-03*), executed on behalf of the Parties by Class Counsel and Defense Counsel.

  Upon consideration of Plaintiffs' Motion for Final Approval of Class Action Settlement, and finding good cause for the motion, the Court hereby approves the Parties' Settlement Agreement (*ECF No. 49-03*), and orders and adjudges as follows:

1

1.  For purposes of this Final Approval Order, except as otherwise defined herein, all capitalized terms used herein shall have the same meaning as are ascribed to them in the Settlement Agreement.

2.  The following Class is hereby finally certified under Rule 23(b)(1) of the Federal Rules of Civil Procedure:

> All participants and beneficiaries of the Plans at any time during the Class Period (from July 22, 2016 through the date of the Preliminary Approval Order), including any Beneficiary of a deceased person who was a Participant in the Plans at any time during the Class Period, to include any Alternate Payees, in the case of a person subject to a Qualified Domestic Relations Order who was a Participant in the Plans at any time during the Class Period. Excluded from the Settlement are any individuals who had fiduciary responsibility for the Plans' investment or administrative functions during the Class Period.

This Class is consistent with the class initially certified by the Court for purposes of the litigation, and meets all of the requirements of Rule 23 and due process for the reasons specified in this Court's prior Order regarding Preliminary Approval of Class Action Settlement. *See ECF No. 50.*

3.  The form and method of notifying the Class Members of the terms and conditions of the Settlement Agreement met the requirements of Rules 23 and due process, and constituted the best notice practicable under the circumstances. In accordance with the Court's Preliminary Approval Order, and as reflected in the information provided by the Settlement Administrator (Atticus Administration LLC), Notices were timely distributed by first-class mail to all Class Members who could be identified with reasonable effort, and provided Class Members with all necessary information regarding the Settlement and their rights under the Settlement (including their right to object and appear at the Fairness Hearing).

4.  The terms of the Settlement are fair, reasonable, and adequate, and satisfy the conditions for approval under Rule 23(e)(2). Among other things, the Court finds that:

  A.  The Class was adequately represented by the Class Representatives and Class Counsel;

  B.  The Settlement resulted from arm's-length negotiations conducted in good faith after extensive litigation;

  C.  The monetary relief provided by the Settlement ($5,000,000) is fair, reasonable, and adequate in light of the claims asserted, and will be effectively distributed pursuant to a common formula that treats all class members equitably;

  D.  The prospective relief provided by the Settlement will further benefit the Class;

  E.  The Settlement avoids significant costs, risks, and delays in connection with continued litigation;

  F.  The Class Representatives and Class Counsel support the Settlement;

  G.  Class Members had the opportunity to be heard on all issues regarding the Settlement Agreement, and there were no objections to the Settlement;

  H.  The Settlement was reviewed by an Independent Fiduciary, Gallagher Fiduciary Advisors, LLC, which has approved the Settlement and approved the release of claims therein; and

  I.  The Settlement Agreement meets all other necessary criteria for approval and is in the best interest of the Class.

Accordingly, the Motion for Final Approval of the Settlement Agreement is **GRANTED**, the Settlement of the Class Action is **APPROVED** as fair, reasonable, and adequate to the Plans and the Class, and the Parties are hereby directed to take the necessary steps to effectuate the terms of the Settlement Agreement.

5. The Action and all Plaintiffs' Released Claims, whether asserted by the Class Representatives on their own behalf or on behalf of the Class Members, or derivatively to secure relief for the Plans, are dismissed with prejudice, without costs to any of the Parties other than as provided for in the Settlement Agreement.

6. Neither this Final Approval Order nor the Settlement Agreement constitutes an admission by any Defendant or Released Party of any liability or wrongdoing whatsoever.

7. The Class Representatives and each Class Member, and their respective heirs, beneficiaries, executors, administrators, successors, and assigns, and the Plans shall be (i) conclusively deemed to have, and by operation of this Final Approval Order shall have, fully, finally, and forever settled, released, relinquished, and discharged Defendants and the Released Parties from all Plaintiffs' Released Claims, and (ii) barred and enjoined from suing Defendants or the Released Parties in any action or proceeding alleging any of Plaintiffs' Released Claims, either individually or derivatively on behalf of the Plans, even if any Class Member may thereafter discover facts in addition to or different from those which the Class Members or Class Counsel now know or believe to be true with respect to the Action and the Plaintiffs' Released Claims, whether or not Class Members received the Notice, whether or not the Class Members received a payment in connection with this Settlement Agreement, whether or not Former Participant Class Members received the Former Participant Class Member Claim Form, whether or not Former Participant Class Members have executed and delivered a Former Participant Class Member Claim Form, whether or not Class Members have filed an objection to the Settlement or to any application by Class Counsel for an award of Attorneys' Fees and Costs, and whether or not the objections or claims for distribution of such Class Members have been approved or allowed.

10. The Court has subject matter jurisdiction over this Action and personal jurisdiction over the Defendants and the Class Members pursuant to the provisions of ERISA, and expressly retains that jurisdiction for purposes of enforcing this Final Approval Order and the Settlement Agreement.

11. The Court finds that all applicable CAFA requirements have been satisfied.

12. Upon the Effective Date of this Order under the Settlement Agreement, the Parties, the Settlement Class, and the Plans shall be bound by the Settlement Agreement and by this Final Approval Order.

**IT IS SO ORDERED.**

Dated:  **August 19, 2024**                                               *s/ Jack Zouhary*
                                                                                            Hon. Jack Zouhary
                                                                                            United States District Judge